ROWE, J.
K.R.R. appeals the trial court’s order placing her in a moderate-risk commitment program after she pleaded no contest to violating her probation for a fourth time by failing to attend or being suspended from school. The Department of Juvenile *430 Justice (DJJ) recommended that KR.R.’s probation be continued. K.R.R. argues that in departing from DJJ’s recommendation, the trial court failed to engage in the appropriate level of analysis as set forth in E.A.R. v. State, 4 So.3d 614, 638 (Fla.2009). For the reasons discussed below, we reverse and remand. See C.M.H. v. State, 25 So.3d 678, 680 (Fla. 1st DCA 2010).
K.R.R. was before the trial court on charges that she had violated her probation for a fourth time. K.R.R. was initially placed on probation in April 2009, after pleading no contest to the charge of petit theft. Four months later, in August 2009, the state filed a petition alleging that K.R.R. violated her probation by committing a new law violation (petit theft), failing to obey a court-ordered curfew, and failing to live with and obey her mother. K.R.R. pleaded no contest and her probation was continued.
K.R.R. was charged with violating her probation for a second time, in September 2009, by committing a new law violation (petit theft and battery) and failing to attend or being suspended from school. K.R.R. again pleaded no contest and her probation was continued. K.R.R. was charged with violating her probation for a third time, in March 2010, by failing to attend or being suspended from school. K.R.R. again pleaded no contest and her probation was continued.
In connection with the order being appealed here, K.R.R. was charged in February 2011, with violating her probation for a fourth time by failing to attend or being suspended from school. K.R.R. again pleaded no contest. The court ordered DJJ to prepare a pre-disposition report. DJJ recommended that K.R.R.’s probation be continued.
After conducting the disposition hearing, the trial court deviated from DJJ’s recommendation and ordered that K.R.R. be committed to a moderate-risk program. Although the trial court articulated KR.R.’s basic disrespect for authority and the apparent ineffectiveness of probation in light of her repeated violations as reasons for not continuing her probation, these findings fall short of the scrupulous analysis required under E.A.R., See 25 So.3d at 680. As this court recognized in M.H. v. State, 69 So.3d 325, 328 (Fla. 1st DCA 2011), E.A.R. requires the trial court to conduct a rigorous and detailed analysis when deviating from DJJ’s recommendation:
[I]t is important for trial courts to understand that deviating from a DJJ’s recommendation is a difficult matter pursuant to the dictates of E.A.R In order to deviate lawfully, a trial court must do more than place generalized reasons on the record; it must engage in a well-reasoned and complete analysis of the PDR and the type of facility to which the trial court intends to send the child. This is no easy task and will take time and consideration.
Here, the trial court did not articulate on the record why a moderate-risk commitment program was better suited to serving the rehabilitative needs of K.R.R. “in the least restrictive setting and protecting the public from further acts of delinquency.” 25 So.3d at 680. Based on the strict requirements of E.A.R, we are constrained to reverse and remand. The trial court is provided with an “opportunity to enter an order in compliance with E.A.R., or, if the trial court cannot, impose the probation recommended by the DJJ.” C.M.H., 25 So.3d at 680; accord M.H., 69 So.3d at 329; M.J.S. v. State, 6 So.3d 1268, 1270 (Fla. 1st DCA 2009).
REVERSED AND REMANDED.
BENTON, C.J. and RAY, J., concur.